CASE 16—PETITION ORDINARY—DECEMBER 21.

# Miles, &c., vs. Edelen.

APPEAL FROM WASHINGTON CIRCUIT COURT.

A buggy and harness were purchased at a commissioner's sale, and was left by the purchaser in the possession of the former owner, who afterwards exchanged it for another buggy which he repaired and used as his own. These facts were evidence that he was the real owner.

HARDIN & McILVOY, for appellants, cited *Civ. Code, sec.* 669 ; 6 *B. M.*, 619 ; 7 *Dana*, 260 ; 4 *Bibb*, 100.

L. R. THURMAN, for appellee, cited *Civ. Code, sec.* 671 ; 3 *J. J. M.*, 213, 653.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT :

Although a purchase of the absolute title to movable property from a voluntary vendor, without changing the ostensible possession and use, may, according to Kentucky authorities which the Legislature alone can now modify, be conclusive proof of fraud against the vendor's creditors, yet, it is equally well settled here, as well as elsewhere, that a judicial or an execution sale, *in invitum*, of the like thing without an immediate change of possession, according to the right, is, without satisfactory and consistent explanation, only a suspicious circumstance, which, although insufficient alone to prove such fraud, may be swelled into such proof by the length and character of such continued and *prima facie* inconsistent possession, or by other corroborating badges of fraud.

This suit is brought by the appellee, Edelen, against the appellant, Green, and another, on a bond to indemnify the sheriff for selling under execution a buggy and harness, which had been purchased at a commissioner's sale by the appellee as the property of one Simms, and left after the sale in the possession of Simms and his wife, afterwards exchanged by Simms for another buggy repaired by him, and used apparently as their own by him and his wife ; and so used when Green's execution against him was levied on them as his property.

On the trial the circuit court refused to instruct the jury, in substance, that " the foregoing facts were *evidence* of ownership " by Simms.

In this, we think, the court erred to the prejudice of the appellants. To establish a controverted fact, proof is the end, evidence only the means. Proof establishes the truth—circumstantial evidence only leads toward it; and any pertinent and legitimate facts, conducing to the proof of a litigated fact, are evidence of the fact, weaker or stronger, according to the entire character and complexion of it, or as opposed or unopposed by conflicting evidence.

The facts hypothetically assumed in the rejected instruction were certainly evidence, and strong evidence, of the imputed fraud, and the consequential " ownership " of Simms. Whether it amounted to sufficient proof the jury would have had the right to decide, unfettered by the instruction merely that it was evidence entitled to their consideration, and thus understood; and in this respect the instruction could not have misled an intelligent jury fit to decide on the effect of " *evidence*," and whether or not it amounts to sufficient " *proof;*" and especially as the proposed instruction directed the jury to find on the *whole evidence* on both sides.

Wherefore, the judgment on the verdict against the appellants is reversed, and the cause remanded for a new trial.